UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DUANE PAYNE,

Petitioner,

v.

WASHINGTON STATE DEPARTMENT OF CORRECTIONS,

Respondent.

CASE NO. C26-5572 BHS

ORDER

THIS MATTER is before the Court on Magistrate Judge Kate Vaughan's Report and Recommendation (R&R), Dkt. 9, recommending that the Court deny pro se prisoner petitioner Duane Payne's amended § 2254 habeas petition, Dkt. 8, for failure to correct three of the four[1] deficiencies identified in Judge Vaughan's prior Order, Dkt. 7.

The remaining deficiencies are: (1) that Payne failed to name the state officer having custody of him as the Respondent in his amended petition; (2) that he does not

[1] Judge Vaughan noted that Payne sought habeas relief under § 2241, not § 2254, which "is the exclusive vehicle for a habeas petition filed by a state prisoner in custody pursuant to a state court judgment." Dkt. 9 at 1. *See Dominguez v. Kernan*, 906 F.3d 1127, 1135–36 (9th Cir. 2018). The R&R concludes that Payne's amended petition corrected that error. Dkt. 9 at 2.

demonstrate that he properly exhausted his administrative remedies; (3) and that he has not identified any constitutional or other basis for habeas relief. Dkt. 9 at 2 (citing *Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994); and 28 U.S.C. § 2254(a)-(c) (failure to demonstrate exhaustion or identify a constitutional claim for relief renders federal habeas relief unavailable)).

A district judge must determine de novo any part of the magistrate judge's disposition to which a party has properly objected. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3). A proper objection requires specific written objections to the findings and recommendations in the R&R. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Nevertheless, objections to an R&R are not an appropriate vehicle to rehash or re-litigate the points considered and resolved by the magistrate judge. *See, e.g.*, *El Papel LLC v. Inslee*, No. 20-cv-01323 RAJ-JRC, 2021 WL 71678, at *2 (W.D. Wash. Jan. 8, 2021) ("Because the Court finds that nearly all objections are merely a rehash of arguments already raised and decided upon by the Magistrate Judge, the Court will not address each objection here."); *Aslanyan v. Herzog*, No. 14-cv-0511 JLR, 2014 WL 7272437, at *1 (W.D. Wash. Dec. 17, 2014) (rejecting a challenge to a magistrate judge's report and recommendation when "all of [plaintiff's] objections simply rehash arguments contained in his amended opening memorandum or in his reply memorandum").

As courts in other districts have recognized and explained, such re-litigation is not an efficient use of judicial resources. There is no benefit to the judiciary "if the district

court[] is required to review the entire matter *de novo* because the objecting party merely repeats the arguments rejected by the magistrate. In such situations, this Court follows other courts that have overruled the objections without analysis." *Hagberg v. Astrue*, No. CV-09-01-BLG-RFC-CSO, 2009 WL 3386595, at *1 (D. Mont. Oct. 14, 2009). In short, an objection to a magistrate judge's findings and recommendations "is not a vehicle for the losing party to relitigate its case." *Id.*; *see also Conner v. Kirkegard*, No. CV 15-81-H-DLC-JTJ, 2018 WL 830142, at *1 (D. Mont. Feb. 12, 2018); *Fix v. Hartford Life & Accident Ins. Co.*, CV 16-41-M-DLC-JCL, 2017 WL 2721168, at *1 (D. Mont. June 23, 2017) (collecting cases); *Eagleman v. Shinn*, No. CV-18-2708-PHX-RM (DTF), 2019 WL 7019414, at *4 (D. Ariz. Dec. 20, 2019) ("[O]bjections that merely repeat or rehash claims asserted in the Petition, which the magistrate judge has already addressed in the R&R, are not sufficient under Fed. R. Civ. P. 72.").

Payne has objected to the R&R. Dkt. 10. He contends he "never" filed a §2241 petition, that he is in the Department of Corrections' custody, and that he "did properly exhaust all [his] state court remedies as this is evident within my records." Dkt. 10 at 1.

Payne's objections are without merit. Although he has identified the state agency responsible for his custody, he has again failed to identify the relevant state *officer*. This will typically be the warden of the institution where the individual is incarcerated. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Further, his assertion that he exhausted his state court remedies is conclusory. He must demonstrate that he has done so, and he has not. Payne's objections do not identify any basis for habeas relief.

The objections are **OVERRULED**, and the R&R is **ADOPTED**. Payne's amended habeas petition, Dkt. 8, is **DENIED**, and this case is **DISMISSED**. For the reasons articulated in the R&R, the Court will **NOT** issue a § 2253(c) Certificate of Appealability.

The Clerk shall enter a JUDGMENT and close the case.

IT IS SO ORDERED.

Dated this 6th day of October, 2026.

BENJAMIN H. SETTLE
United States District Judge